UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ANIA THOMPSON,
on behalf of herself and
all others similarly situated,

        Plaintiff,

    v.

VOLUNTEERS OF AMERICA OF MINNESOTA
7625 Metro Boulevard, Suite 200
Minneapolis, Minnesota 55439

    and

DUNGARVIN, INC.
1444 Northland Drive, Suite 200
Mendota Heights, Minnesota 55120

        Defendants

Case No. 23-cv-75

**COLLECTIVE AND CLASS ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Ania Thompson, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendants, Volunteers of America of Minnesota and Dungarvin, Inc., for purposes of obtaining relief under the FLSA and WWPCL for

unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendants operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

3. Defendants' failure to compensate its hourly paid, non-exempt employees at the correct, proper, and lawful overtime rate of pay each workweek was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants have substantial and systematic contacts in this District.

## PARTIES

7. Plaintiff, Ania Thompson, is an adult female resident of the State of Wisconsin residing at 1858 North Commerce Street, Milwaukee, Wisconsin 53212.

8. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

9. Defendant, Volunteers of America of Minnesota, is an entity incorporated in the State of Minnesota and doing business in the State of Wisconsin with a principal office address of 7625 Metro Boulevard, Suite 200, Minneapolis, Minnesota 55439.

10. Defendant Volunteers of America of Minnesota employs direct care workers at various facilities and other physical locations, including clients' homes, throughout the States of Minnesota and Wisconsin.

11. Defendant, Dungarvin, Inc., is an entity incorporated in the State of Minnesota and doing business in the State of Wisconsin with a principal office address of 1444 Northland Drive, Suite 200, Mendota Heights, Minnesota 55120.

12. Defendant Dungarvin employs direct care workers at various facilities and other physical locations, including clients' homes, across the United States, including in the State of Wisconsin.

13. In approximately December 2022, Defendant Dungarvin assumed the ownership, operations, and/or management of Defendant Volunteers of America of Minnesota, including but not limited to the employment of Plaintiff and other hourly-paid, non-exempt employees.

14. For purposes of the FLSA, Defendants were "employers" of "employees," including Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

15. For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

16. During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

17. During the relevant time periods as stated herein, Defendants, individually and collectively, employed more than two (2) employees.

18. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, individually and collectively, exceeded $500,000.

19. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Caregiver at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge alongside other hourly-paid, non-exempt employees in the Milwaukee, Wisconsin area.

20. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendants within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendants at locations owned, operated, and managed by Defendants, and Plaintiff

and all other current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

26. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

27. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

## GENERAL ALLEGATIONS

28. In approximately April 2021, Defendants hired Plaintiff into the position of Caregiver working primarily at clients' homes in the Milwaukee, Wisconsin area.

29. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

30. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

31. In approximately January 2023, Plaintiff's employment with Defendants ended.

32. On a daily basis during Plaintiff's employment with Defendants, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge alongside other hourly-paid, non-exempt employees based out of the Milwaukee, Wisconsin area.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendants in hourly-paid, non-exempt job positions and performed compensable work on Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at various facilities and other physical locations, including clients' homes, across the United States, including in the State of Wisconsin.

34. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

36. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

37. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday

38. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

39. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a monthly, quarterly, and/or ad hoc basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendants.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid,

non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

47. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or were aware that their pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

48. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who received a form of compensation, such as a monetary bonus, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

49. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

50. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and the FLSA Collective with, in addition to an hourly

or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendants provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and/or known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period. This practice resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

54. The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

55. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

56. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

57. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

58. Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

59. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' facilities in areas where postings are normally made.

60. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

# RULE 23 CLASS ALLEGATIONS – WISCONSIN

61. Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former hourly-paid, non-exempt employees employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) and through the date of final judgment who received a form of compensation, such as a monetary bonus, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

62. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

63. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

64. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein.

Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

65. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

67. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class

would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

68. Defendants have violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

69. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated; (3) Whether Defendants failed to include all forms of non-discretionary compensation in Plaintiff's and the Wisconsin Class' regular rate of pay for overtime purposes; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

70. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

### FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiff on behalf of herself and the FLSA Collective)

71. Plaintiff, on behalf of herself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

72. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

73. At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

74. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

75. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

76. Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes. By failing to compensate the FLSA Collective in such a fashion as described herein, Plaintiff and the FLSA Collective were denied overtime premium pay for each hour they

worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

77. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

78. Defendants were subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

79. Defendants' failure to properly compensate Plaintiff and the FLSA Collective was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

80. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

81. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of herself and the Wisconsin Class)

82. Plaintiff, on behalf of herself and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

83. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

84. At all relevant times, Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

85. At all relevant times, Defendants employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

86. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

87. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

88. Throughout the Wisconsin Class Period, Defendants willfully maintained and perpetrated an unlawful compensation practice that failed to pay Plaintiff and the Wisconsin Class

overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

89. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

90. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 20th day of January, 2023

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com