UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANIA THOMPSON,
on behalf of herself and
all others similarly situated,

    Plaintiff,                             Case No. 23-cv-75

v.

VOLUNTEERS OF AMERICA OF MINNESOTA

    Defendant

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Ania Thompson, on behalf of herself and all others similarly situated, and Defendant, Volunteers of America of Minnesota, by and through their respective counsel, hereby jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release" ("Agreement"). (ECF No. 36-1.)

Accordingly, the parties request that the Court, issue an Order providing the following relief:

1. Certify the WWPCL Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Ania Thompson as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims as set forth in the Agreement.

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On April 25, 2024, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 36), and their fully executed "Settlement Agreement and Release." (ECF No. 36-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b). The putative FLSA Collective is comprised of Settlement Class Members "who file a signed Consent to Join Form within thirty (30) days following service of the Notice Packet" ("FLSA Collective"). (ECF No. 36-1, ¶¶ 1.2, 1.25.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and FED. R. CIV. P. 23. The putative WWPCL Class is comprised of putative Settlement Class Members "who do not submit a request for exclusion to Plaintiffs' Counsel within thirty (30) calendar days following service of the Notice Packet" ("WWPCL Class"). (ECF No. 36-1, ¶¶ 1.1, 1.25.)

On May 2, 2024, this Court preliminarily approved the parties' settlement. (ECF No. 38.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Ania Thompson as the Class Representative for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class; and

(7) Ordered that any member of the FLSA Collective who wishes to participate in the Settlement has thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to file a Consent to Join Form.

The Court has scheduled a Fairness Hearing for Tuesday, April 21, 2024 at 10:00 a.m.

On June 29, 2024, Plaintiff's counsel sent the "Notice of Class Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 23.) FLSA Collective members had thirty (30) calendar days after June 29, 2024 – or until July 29, 2024 – to opt-in to the FLSA Collective. (*Id.*) By the end of the FLSA Notice Period, eighteen (18) individuals chose to opt-in to the FLSA Collective. (*Id.*) Similarly, WWPCL Class members had thirty (30) calendar days after June 29, 2024 – or until July 29, 2024 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, no individuals chose to opt-out of the WWPCL Class. (*Id.*)

To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 27.)

### REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30)

calendar days of the Court's Order entry. (ECF No. 36-1, ¶ 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (*Id*.) Settlement Class Members will have one hundred and twenty (120) days from the date of mailing to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (*Id.* at ¶ 2.4.)

## ARGUMENT

### I. FINAL SETTLEMENT APPROVAL STANDARD

A court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co*., 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd*

*sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (ECF No. 36-1; Potteiger Decl., ¶¶ 16-22.) During negotiations, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully-executed Agreement. (ECF No. 36-1, *passim*.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiff's claims against Defendant under the FLSA and the WWPCL as well as Defendant's potential exposure. (Potteiger Decl., ¶¶ 16-22.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment, and damages, she also recognizes the potential issues on which she would be required to prevail if the case proceeded to trial, including: establishing that extra-compensation paid by Defendant was, in fact, non-discretionary in nature and that Defendant had a uniform policy in practice which failed to include non-discretionary compensation in the WWPCL Class members' and the FLSA Collective members' regular rate of pay for overtime premium compensation calculation purposes; that the WWPCL

Class and FLSA Collective actually are similarly-situated to Plaintiff for purposes of final certification; proving that Defendant did not act in good faith; and showing that Defendant willfully violated the FLSA for a three-year statute of limitations to apply. (*Id*. at ¶ 21.) Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id*.)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, expert witness retention, depositions, the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. Plaintiff's motion for conditional certification was on the horizon, and, if successful, significant additional discovery would have been necessary and would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. (*Id*. at ¶ 21.) Even if Plaintiff were to prevail at trial, there is still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id.*)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class. (*Id*. at ¶ 22.) The allocation of payments to Settlement Class Members was determined by a detailed review of Defendant's payroll and timekeeping data as well as additional written documents applicable to the Settlement Class, and each Settlement Class Member will receive an equal share of the total estimated aggregated wages allegedly due, inclusive of liquidated damages. (*Id*.)

The Parties agree that the amount each Settlement Class Member shall receive constitutes a reasonable and adequate recovery based upon the Parties' evaluation of Defendant's payroll and time records and the risks of continued litigation. (*Id.*) Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the WWPCL Class because these payments are made without any requirement to file a claim. (*Id.*)

### III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has concurrently filed a Motion for Approval of Plaintiff's Service Award and Petition for Approval of Attorneys' Fees and Costs, contemporaneously herewith, and Defendant has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 36-1, ¶¶ 3.2-3.3.)

### **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court enter an Order that provides for all of the following:

1. Certify the WWPCL Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Ania Thompson as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Approve the settlement payments to the Settlement Class;

8. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Final Approval Order;

9. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

10. Instruct that the Settlement Class has one hundred and twenty (120) days from the date of mailing to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

11. Grant Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs which the parties have stipulated and agreed are reasonable; and

12. Grant Plaintiff's unopposed request for approval her service award which the parties have stipulated and agreed is reasonable.

Dated this 31st day of July, 2024

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | LIND, JENSEN, SULLIVAN &<br>PETERSON, PA<br>Counsel for Defendant |
| *s/ David M. Potteiger*<br>James A. Walcheske, WI Bar No. 1065635<br>Scott S. Luzi, WI Bar No. 1067405<br>David M. Potteiger, WI Bar No. 1067009 | *s/ Timothy J. O'Connor*<br>Timothy J. O'Connor, WI Bar No. 1036571<br>Brandon D. Meshbesher, WI Bar No. 1117491 |

| | |
|---|---|
| WALCHESKE & LUZI, LLC | LIND, JENSEN, SULLIVAN & PETERSON, P.A. |
| 235 N. Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Telephone: (262) 780-1953<br>E-Mail: jwalcheske@walcheskeluzi.com<br>E-Mail: sluzi@walcheskeluzi.com<br>E-Mail: dpotteiger@walcheskeluzi.com | 901 Marquette Avenue South, Suite 1900<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 333-3637<br>E-Mail: tim.o'connor@lindjensen.com<br>E-Mail: brandon.meshbesher@lindjensen.com |