ANIA THOMPSON,

        Plaintiff,

  v.

Case No. 23-cv-75-pp

VOLUNTEERS OF AMERICA OF MINNESOTA,

        Defendant.

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL (DKT. NO. 39), GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF SERVICE AWARD (DKT. NO. 40), GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. NO. 41) AND DISMISSING CASE**

The plaintiff filed a collective and class action on behalf of herself and similarly situated current and former hourly-paid, non-exempt employees of defendant Volunteers of America of Minnesota. Dkt. No. 1.[1] According to the plaintiff, the defendant failed to include non-discretionary compensation, such as monetary bonuses, incentives, awards and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes. Dkt. No. 1. In May 2024—approximately fifteen months after the case was filed—the court preliminarily approved the parties' settlement and certified two classes: a collective class under the Fair Labor Standards Act (FLSA) and a Rule 23 class under Wisconsin's Wage

---

[1] The complaint also named as a defendant "Dungarvin, Inc." Dkt. No. 1. But on July 27, 2023, the parties filed a stipulation to dismiss Dungarvin from the lawsuit, and the clerk terminated Dungarvin on that same day. Dkt. No. 19.

1

Payment and Collection Laws (WWPCL). Dkt. No. 38. The parties since have filed a joint motion for settlement approval, dkt. no. 39, and the plaintiff has filed a motion for approval of the service award, dkt. no. 40, and a motion for attorneys' fees and costs, dkt. no. 41.

## I.     Joint Motion for Settlement Approval (Dkt. No. 39)

Both the FLSA collective action and the Rule 23 class action settlement require judicial approval. The Rule 23 class action settlement also requires a hearing—the court may approve it only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Federal Rule of Civil Procedure 23(e)(2). The court held that hearing on August 21, 2024. The rule requires consideration of the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Id.

The considerations in the rule overlap with the factors articulated by the Seventh Circuit:

> (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

   A.   Adequacy of Representation – Rule 23(e)(2)(A)

The court previously appointed Ania Thompson as representative of the collective and Rule 23 classes. Dkt. No. 38 at 2. The court certified the following FLSA collective class:

> All thirty-eight (38) current and former hourly-paid, non-exempt employees who worked for Defendant between January 20, 2020, and January 20, 2023, as reflected in Exhibit A to the parties' Settlement Agreement and Release, and have timely returned Consent Forms in this action.

Id. The court certified the following Rule 23 class:

> All thirty-eight (38) current and former hourly-paid, non-exempt employees who worked for Defendant between January 20, 2020, and January 20, 2023, as reflected in Exhibit A to the parties' Settlement Agreement and Release, and who do not timely exclude themselves from this action.

Id. The court appointed Thompson to serve as the representative for the certified collective class and, as it stated at the August 21 hearing, it is not aware of any conflicting interests between Thompson and the other class members. Class counsel—David Potteiger and Scott Luzi of the law firm of Walcheske & Luzi—have adequately represented the class during the litigation.

3

Case 2:23-cv-00075-PP    Filed 08/22/24    Page 3 of 13    Document 49

With respect to the first factor, the court is satisfied that the class is adequately represented.

      B.    <u>Arm's-Length Negotiations and Non-Collusiveness of Settlement Process – Rule 23(e)(2)(B) and the Seventh Circuit's First Factor</u>

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." <u>Wong</u>, 773 F.3d at 863. The parties have identified a genuine dispute about liability: whether the defendant failed to include nondiscretionary compensation in its employees' regular rate of pay for overtime calculation purposes. Dkt. No. 37 at 16. At the August 21 hearing, defense counsel explained that the failure was not deliberate, but a result of an error in the payroll software. The parties reached the settlement after starting discovery and engaging in "substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses." <u>Id.</u> at 4. In the motion, the plaintiff's counsel discussed the strength of the plaintiff's claims and the defendant's defenses, as well as the monetary and non-monetary terms of settlement and procedures. <u>Id.</u> The court is satisfied that the parties negotiated at arm's length and in good faith, balancing the strength of the plaintiff's case on the merits against the amount offered in settlement. This factor also weighs in favor of approving the settlement.

C. Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors

When considering the adequacy of relief, Rule 23(e)(2) instructs the court to take into consideration the (1) costs, risks and delay of trial and appeal, (2) the effectiveness of the proposed method of distribution, (3) the terms of any proposed award and (4) the agreements made in connection with the settlement. Fed. R. Civ. P. 23(e)(2). Similarly, the Seventh Circuit looks to the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. Wong, 773 F.3d at 863.

The agreement provides for a gross settlement of $35,000, which includes: (1) $9,250 for alleged unpaid overtime of the class members; (2) $2,500 as a service payment to the representative plaintiff; and (3) $23,250 in attorneys' fees and costs to class counsel. Dkt. No. 36-1 at 8-9. The aggregate amount available to members of the FLSA collective class will be $4,625 and the aggregate amount to members of the Rule 23 class will also be $4,625. Id. at 9. The payment amounts were determined by recalculating a representative sample of putative class and collective members' overtime compensation earned by each individual. Id. at 20. The allocation of payments to these members equals a *pro rata* amount of the total amount of aggregated unpaid wages. Dkt. No. 37 at 10.

1. *The Costs, Risks, and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

This case has been pending for over a year and a half. The parties exchanged initial disclosures, the plaintiff served written discovery and the

5

defendant provided timekeeping data and payroll records for its employees. Dkt. No. 37 at 4. The parties acknowledge that this case would have required continued time, effort, expense and risk had litigation continued. Id. at 10. Before this case could go to trial, there would have been substantial discovery and the briefing of dispositive motions.

        2.     *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

The court first looks at the size of the class: there are 38 individuals who are Rule 23 class members and 18 individuals who opted in to the FLSA collective class. Dkt. Nos. 37 at 5; 39 at 2, 3. The parties have laid out in the agreement the method of distributing the settlement checks to the class members—the settlement checks will be mailed to class counsel within thirty days after entry of the final judgment for distribution to the plaintiffs. Dkt. No. 36-1 at 9. After receiving the checks, class counsel will mail the checks to class members via U.S. Mail as soon as practicable but no later than ten days after receiving the checks. Id. The settlement checks expire 120 days after issuance. Id. at 7. If class counsel becomes aware that a plaintiff did not receive the check or reports it lost or destroyed, class counsel will alert defendant's counsel who then will stop payment on the original check and issue a new check. Id. at 7-8. The parties have proposed an effective method of distribution as demonstrated by the agreement and Exhibit A.

### 3. *The Terms of any Proposed Award of Attorneys' Fees, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

The agreement provides for the payment of $23,250 in attorneys' fees and costs using the lodestar method. Dkt. Nos. 36-1 at 8; 42 at 5. Attorney Luzi has filed an affidavit revealing that class counsel has spent a total of approximately 47.8 hours on this matter. Dkt. No. 43 at ¶10. The affidavit further provides that those hours, multiplied by the attorneys' respective hourly rates of $450, total approximately $21,510, and that the law firm's case-related costs and expenses total $782.77. Id. Thus, the firm's actual fees and costs, to date total approximately $22,292.77. Id. Although this is slightly less than the amount of plaintiff's counsel's requested attorneys' fees and costs, the affidavit notes that the law firm will continue expending additional time and resources on this matter, including: participating in the fairness hearing; communicating and corresponding with the plaintiff, defendant's counsel, and settlement class members; and sending settlement correspondence and settlement checks via U.S. Mail to settlement class members. Id. Attorney Luzi anticipates this will result in an additional $2,500 in time and $108.04 in costs in order to bring this case to a close. Id. At the August 21 hearing, the parties advised the court that the attorneys' fees (and the service award, if the court approved it) would be distributed at the same time, in the same way, as the payments to the class and collective members.

4. *Any Agreement Required to Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the agreement itself that must be considered pursuant to Rule 23(e)(3).

The adequacy of relief weighs in favor of approving the agreement.

D. <u>Equitable Treatment of Class Members—Rule 23(e)(2)(D)</u>

All class members are entitled to a *pro rata* share and will receive the same treatment. This factor weighs in favor of approving the agreement.

E. <u>The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors</u>

The court is not aware of any opposition to the settlement, and class counsel verified at the August 21 hearing that he was not aware of any opposition.

F. <u>The Opinion of Competent Counsel—The Seventh Circuit's Fifth Factor</u>

Attorneys Luzi and Potteiger filed declarations regarding the adequacy of the settlement and the reasonableness of their fees. Attorney Potteiger indicates his belief that the settlement "represents an excellent monetary recovery" that "fairly and accurately represent[s] all wages that the Settlement Class Members were actually owed during the statutory period commensurate with the inherent risk of litigation." Dkt. No. 45 at ¶22. In addition to the opinions of class counsel, Attorney Robert Mihelich filed a declaration based on his years of practice in this field (with another firm). Dkt. No. 44. Based on his experience and knowledge of the market, as well as his personal opinion of the work of Attorneys Luzi and Potteiger, Attorney Mihelich believes Attorneys

8

Case 2:23-cv-00075-PP    Filed 08/22/24    Page 8 of 13    Document 49

Luzi's and Potteiger's respective hourly rates of $450 are reasonable in this case. This factor, too, weighs in favor of settlement.

    G.    <u>Final Approval</u>

After reviewing the agreement, hearing from counsel at the August 21 hearing and considering all the above factors, the court will grant the joint motion for approval of settlement.

**II.    Plaintiff's Motion for Approval of Service Award (Dkt. No. 40)**

The plaintiff requests a service award of $2,500. Dkt. No. 40. "In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation." <u>Cook v. Niedert</u>, 142 F.3d 1004, 1016 (7th Cir. 1998).

The plaintiff indicates that she has dedicated a significant amount of time prosecuting this matter, including furnishing counsel with pre-suit information and documentation and actively participating in the parties' settlement discussions on behalf of the FLSA collective and WWPCL class. Dkt. No. 40 at ¶3. And it appears that the plaintiff has achieved a good result for the class. This case has been pending for over a year and a half and the parties have engaged in some discovery. In addition, the service award appears to be fair and reasonable in comparison to other awards in this district. <u>Id.</u> For example, this court approved service awards of $5,000 in <u>Pintor v. Hypro</u>, Case No. 17-cv-890 (E.D. Wis. 2018) and <u>Pintor v. Fall River Group</u>, Case No. 17-cv-

9

865 (E.D. Wis. 2018). And, as plaintiff points out, $2,500 is far less than other recent awards approved by this district. See, *e.g.*, Smith v. HellermannTyton Corp., Case No. 19-cv-1262, Dkt. No. 110 (E.D. Wis. Sept. 6, 2023) (Adelman, J.) ($10,000.00); Kolbow, *et al.* v. API Heat Transfer Inc., Case No. 22-cv-451, Dkt. No. 40 (E.D. Wis. Sept. 21, 2023) (Stadtmueller, J.) ($11,000.00); Ciha v. Masters Gallery Foods Inc., Case No. 21-cv-1405, Dkt. No. 39 (E.D. Wis. Oct. 30, 2023) (Dries, M.J.) ($15,000.00); Sanders v. Mid-City Foundry Co., Case No. 23-cv-318, Dkt. No. 30 (E.D. Wis. Mar. 4, 2024) (Duffin, M.J.) ($10,000.00).

The court will grant the plaintiff's motion for approval of a $2,500 service award.

### III. Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 41)

Class counsel asks the court to approve fees and costs in the total amount of $23,250 as contemplated by the agreement. Dkt. No. 41.

Under the FLSA, plaintiff may seek reimbursement for fees and costs. 29 U.S.C. §216(b). In addition, successful litigants may seek fees and costs under Wis. Stat. §109.03(6). The Seventh Circuit urges courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig. ("Synthroid I"), 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either a percentage of the fund or lodestar methodology. Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 566 (7th Cir. 1994).

10

Class counsel has calculated fees using the lodestar method, which is "frequently employed in common fund cases." Harman v. Lyphomed, Inc., 945 F.2d 969, 973 (7th Cir. 1991). To calculate the lodestar, the court "[m]ultipl[ies] the hours reasonably expended by the reasonable hourly rates." Id. at 974. "A reasonable hourly rate is based on the local market rate for the attorney's services." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014).

The court initially had some hesitation with the award. Class counsel asks for an award of $23,250 out of the $35,000 gross settlement award—approximately two-thirds of the gross settlement amount. That said, the time spent and hourly rates appear reasonable. And although counsel did not provide time records, Attorney Potteiger recounted the work performed on this case in his declaration. Dkt. No. 45. As the court explained at the August 21 hearing, it had reviewed the docket; it observed that class counsel had filed a number of documents over the course of the litigation, including the complaint and disclosure statement, a motion to extend time to file conditional certification, an interim settlement report, two status reports, stipulation for certification of Rule 23 class, the joint motion for preliminary settlement approval and supporting brief and the current motions and supporting briefs. Counsel also attended the August 15, 2023 scheduling conference and the August 21, 2024 fairness hearing. After serving written discovery and receiving the payroll records, the parties created and exchanged detailed damages models and monetary settlement calculations, and discussed other settlement terms, as well as the timelines, processes, and procedures of settlement. Id. at

11

¶16. The parties' dispute over the legal issues at the heart of this case resulted in a substantial amount of time and effort advancing the case's legal theories and causes of action, developing the factual narrative, exchanging information and documentation and engaging in good-faith communications toward resolution. Id. at ¶17. Overall, the firm has spent 47.8 hours litigating this case (31.40 by Attorney Potteiger and 16.4 by Attorney Luzi). Dkt. Nos. 45 at ¶13; 43 at ¶10). Both attorneys bill at $450 an hour, resulting in approximately $21,510 of work plus current expenses of $782.77. Dkt. No. 43 at ¶10. While this totals approximately $22,292.77, which is less than the requested $23,250 figure, class counsel indicate that they expect that the additional time spent participating in the fairness hearing; communicating and corresponding with the plaintiff, defense counsel and settlement class members; and sending settlement correspondence and settlement checks via U.S. mail to settlement class members will bring an additional $2,608.04 in fees and costs. Id. The court will approve the unopposed award of fees and costs.

## IV. Conclusion

The court **GRANTS** the joint motion for approval of settlement. Dkt. No. 39. The court **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **APPROVES** the settlement payments to the settlement class. Defendant's counsel shall provide class counsel with the settlement checks for the settlement class within thirty days of this order. Upon receiving the

settlement check, class counsel must mail the settlement checks to the settlement class via U.S. Mail within ten days.

The settlement class members each have 120 days to cash their individual checks. If the checks are not cashed in that time, the amounts revert to the defendant. Any settlement class member who cashes their settlement check is bound by the settlement.

The court **GRANTS** the plaintiff's unopposed motion for approval of plaintiff's service award. Dkt. No. 40. The court **APPROVES** the requested payment in the amount of $2,500 to the representative plaintiff.

The court **GRANTS** the class counsel's motion for approval of attorneys' fees and costs. Dkt. No. 41. The court **APPROVES** the requested attorneys' fees and costs in the amount of $23,250.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**